UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| *AMERICAN FAMILY MUTUAL INSURANCE COMPANY S.I.,* | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: ) |
| *RANDALL BRITTON*, | ) ) |
| *RAHMANN MUHAMMAD,* | ) ) |
| *and* | ) ) |
| *RAHEEM MUHAMMAD,* | ) ) |
| Defendants. | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

**COMES NOW** Plaintiff American Family Mutual Insurance Company, S.I. ("American Family"), by and through its attorneys, Sandberg Phoenix & von Gontard P.C., and for its Complaint for Declaratory Judgment, pursuant to 28 U.S.C. Section 2201 and Rule 57 of the Federal Rules of Civil Procedure, states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. American Family is an insurance company incorporated under the laws of the State of Wisconsin with its principal place of business in Madison, Wisconsin.

2. Upon information and belief, Defendant Randal Britton is a resident and citizen of the State of Missouri.

3. Defendant Rahmann Muhammad is a resident and citizen of the State of Georgia.

4. Defendant Raheem Muhammad is a resident and citizen of the State of Georgia.

15374959.v2

5. Plaintiff American Family is a Wisconsin citizen for purposes of diversity of citizenship jurisdiction.

6. Defendant Randall Britton ("Britton") is Missouri citizen for purposes of diversity of citizenship jurisdiction.

7. Defendants Raheem and Rahmann Muhammad are Georgia citizens for purposes of diversity of citizenship jurisdiction (Raheem and Rahmann Muhammad are sometimes referred to collectively hereafter as the "Muhammad Defendants").

8. This Complaint is submitted in accordance with Rule 57 and the Federal Declaratory Judgment Act, codified at 28 U.S.C. Sections 2001 and 2201, in order to obtain a declaration of the parties' rights and/or obligations under a certain policy of insurance issued by American Family to Britton.

9. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a), because it is a civil action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. Venue is proper in the United States District Court for the Eastern District of Missouri under 28 U.S.C. § 1391(b)(2), and Local Rule 3.1(b), because a substantial part of the events giving rise to this action took place within the Eastern District of Missouri, and because one Defendant resides within the Eastern District.

## FACTS

### *The Underlying Lawsuit*

11. On November 18, 2020, Raheem and Rahmann Muhammad filed a lawsuit in the Circuit Court of the City of St. Louis, styled *Rahmann Muhammad, et al. v. Dave Wirick, et al.*, Cause No.: 2022-CC10350 ("Underlying Lawsuit").

12. On May 3, 2021, Plaintiffs filed a motion for leave to file their First Amended Petition adding additional defendants to the Underlying Lawsuit.

13. On August 25, 2021, the Court granted Plaintiffs' motion for leave to file their First Amended Petition. The First Amended Petition was filed instanter.

14. From 2005 to 2008 the Muhammad Defendants allege to have lived, or spent a substantial amount of time, at property owned by Britton located at 3967 Cleveland Avenue in the City of St. Louis (the "Cleveland Avenue Property").

15. The Muhammad Defendants allege in the Underlying Lawsuit they were exposed to lead while living, or spending a substantial amount of time, the Cleveland Avenue Property.

16. The Underlying Lawsuit alleges the Muhammad Defendants were exposed to, and injured by, lead from 2002 to 2005 while residing, or spending a substantial amount of time, at other St. Louis, Missouri properties not owned or affiliated with Britton, and before they ever allegedly lived, or were spending a substantial amount of time, at the Cleveland Avenue Property.

17. The Underlying Lawsuit alleges Britton was responsible for the upkeep and maintenance of the Cleveland Avenue Property, including compliance with relevant housing laws and ordinances, and that they were repeatedly and continuously exposed to lead paint chips and dust containing lead while on the Cleveland Avenue Property.

18. The Muhammad Defendants allege in the Underlying Lawsuit they sustained personal injuries as a result of their lead exposure at the Cleveland Avenue Property.

19. Count I of the Underlying Lawsuit seeks recovery against Britton and others for "negligence."

20. Count I of the Underlying Lawsuit alleges conduct by Britton that was knowing.

21. The Underlying Lawsuit further alleges in Count I that prior to and during 2005 to 2008 the Cleveland Avenue Property contained paint with lead pigment on the interior and exterior walls, floors, doors, ceilings, and woodwork.

22. Count I of the Underlying Lawsuit further alleges Britton knowingly allowed the lead paint at the Cleveland Avenue Property to chip, flake, and deteriorate, which created an unfit place for the habitation of young children.

23. Count I of the Underlying Lawsuit alleges the Muhammad Defendants ingested, consumed, and were otherwise exposed to "paint, powder and dust containing lead and lead pigment," which caused them lead poisoning and other injuries as a result of the alleged lead exposure.

24. Count I of the Underlying Lawsuit specifically alleges the injuries and damages sustained by the Muhammad Defendants were foreseeable to Britton based on his knowing conduct, including, but not limited to, Britton's alleged conduct in renting out the Cleveland Avenue Property despite already having chipping, peeling, and flaking paint in violation of both city ordinances and federal law.

25. Count I of the Underlying Lawsuit also alleges Britton failed to abate the lead at the Cleveland Avenue Property, failed to inspect the premises, and failed to warn the Muhammad Defendants of the presence of lead at the Cleveland Avenue Property.

26. Count II of the Underlying Lawsuit seeks recovery for "breach of the implied warranty of habitability" and incorporates the allegations of the "negligence" count in Count I.

27. Count II of the Underlying Lawsuit alleges Britton violated the "Property Maintenance Code of the City of St. Louis," which require properties to be maintained and repaired in such a way as to make the premises healthy and safe for occupants and their visitors.

28. Count II of the Underlying Lawsuit also references the City of St. Louis' "Lead Paint Poisoning Control Law," which the Muhammad Defendants allege prohibit lead paint on both the interior or exterior of any dwelling.

29. Count II of the Underlying Lawsuit alleges Britton marketed the Cleveland Avenue Property as being safe, as following the City of St. Louis' ordinances, and as containing no lead-based paint.

30. Count III of the Underlying Lawsuit seeks recovery for "negligence per se" and refers to the City of St. Louis' "Property Maintenance Code" and "Lead Paint Poisoning Control Law."

31. Count III of the Underlying Lawsuit alleges the applicable City of St. Louis ordinances specifically prohibit "peeling or defective wall covering or paint" and either lead paint or lead-based paint on either the interior or exterior walls of any rental dwelling.

32. Count III of the Underlying Lawsuit alleges Britton "violated the aforementioned statutes, ordinances and regulations by leasing the premises that contained hazardous lead paint."

### *The American Family Policy*

33. American Family issued a policy of insurance to Randall Britton, No.: 24-PK0028-01 ("Policy"), which was in effect at all times relevant to the time of the Muhammad Defendants' alleged lead exposure.

34. The Policy was allegedly in effect when the Muhammad Defendants allege to have moved in to, or started spending a substantial amount of time at, the Cleveland Avenue Property.

35. The Policy contains "Personal Liability" coverage with a $300,000 applicable policy limit.

36. The Policy contains the following relevant provisions:

**MISSOURI HOMEOWNERS POLICY**
SPECIAL FORM 3

\*\*\*

**DEFINITIONS**

**The following words in this policy have defined meanings. They will be printed in bold type.**

\*\*\*

9.     **Occurrence** means an accident, including exposure to conditions, which results during the policy period, in:

   a. **bodily injury;** or
   b. **property damage.**

   Continuous or repeated exposure to substantially the same general harmful conditions is considered to be one **occurrence.**

10.     **Pollutant** means any solid, liquid, gaseous or thermal irritant or contaminant, in any form, including, but not limited to *lead* … or any other substance listed as a hazardous substance by any government agency. It also includes smoke, vapor, soot, fumes, alkalis, chemicals, garbage, refuse and waste. Waste includes materials to be recycled, reconditioned, or reclaimed [emphasis added to original].

\*\*\*

**LIABILITY COVERAGES – SECTION II**

\*\*\*

**COVERAGE D – PERSONAL LIABILITY COVERAGE**
**We** will pay, up to **our limit**, compensatory damages for which any **insured** is legally liable because of **bodily injury** or **property damage** caused by an **occurrence** covered by this policy.

\*\*\*

**EXCLUSIONS – SECTION II**

**Coverage D – Personal Liability and Coverage E – Medical Expense** do not apply to:

\*\*\*

6

13. **Pollution Damage. We** will not cover **bodily injury** or **property damage** arising out of the actual, alleged or threatened discharge, dispersal, release, escape, seepage, trespass, wrongful entry, migration, ingestion, inhalation or absorption of **pollutants** from any source.

    **We** will not pay for any loss, cost or expense fine or penalty to test for, monitor, clean up, remove, contain, treat, detoxify, neutralize or dispose of **pollutants**, whether or not such actions are done voluntarily or at the direction, request or demand of any governmental body or agency, any other authority, person or organization, or as a result of any suit.

\*\*\*

**ENVIRONMENTAL/PERSONAL POLLUTION DAMAGE COVERAGE ENDORSEMENT**

This endorsement modifies such insurance as is afforded by this policy and replaces any Environmental/Personal Pollution Damage Coverage Endorsement previously a part of this policy.

This policy is amended as follows:

**LIABILITY COVERAGES – SECTION ii**

COVERAGE D – PERSONAL LIABILITY COVERAGE

The **Defense Provision** provided under COVERAGE D PERSONAL LIABILITY COVERAGE does not apply to coverage provided by this endorsement.

**SUPPLEMENTARY COVERAGES – SECTION II**

The SUPPLEMENTARY COVERAGES – SECTION II – do not apply to coverage provided by this endorsement.

The following SUPPLEMENTARY COVERAGE is added:

**We** will pay expenses **you** incur for **bodily injury** or **property damage** which arises from **pollutants** and which is caused by any **insured**. **We** will pay without regard to negligence or legal liability. However, **we** will not pay more than $20,000 in any 12-month policy period, nor more than $10,000 for any one **occurrence,** regardless of the number of:

1. **Occurrences;**
2. **Insureds;**
3. Claims made or suits brought; or
4. Persons or organizations making claims or bringing suits.

15374959.v2

**ADDITIONAL EXCLUSION**

The following additional exclusion is added:

With respect to the Supplementary Coverage identified above, **we** will not cover any loss which arises from **pollutants** for any **occurrence** arising out of activities covered by the following options or endorsements:

\*\*\*

4. Option 7 – Additional Premises Coverage

\*\*\*

All other items remain unchanged.

\*\*\*\*

### *American Family's Defense of the Underlying Lawsuit*

37. Upon being notified of the Underlying Lawsuit, American Family issued an initial reservation of rights letter directed to Britton on January 4, 2021 ("initial ROR letter").

38. The initial ROR letter indicated questions of coverage existed and further advised that American Family's investigation of the claims in the Underlying Lawsuit was ongoing.

39. The initial ROR letter reserved American Family's right to deny coverage after its investigation and to withdraw from defending Britton in the Underlying Lawsuit.

40. American Family undertook Britton's defense of the Underlying Lawsuit pursuant to its reservation of rights.

41. On June 2, 2021, American Family issued a supplemental coverage position letter to Mr. Britton.

42. American Family's supplemental letter informed Britton its investigation had determined the Policy did not cover the claims made in the Underlying Lawsuit but nevertheless

8

it would continue to provide him with a defense of the Underlying Lawsuit pursuant to its reservation of rights as set forth in its January 4, 2021 and June 2, 2021 letters.

## COUNT I – DECLARATORY JUDGMENT

*(Trigger of Coverage – Exposure/All Sums Approach)*

43. American Family restates and incorporates by reference the previous paragraphs of this Complaint as if fully set forth herein.

44. The Underlying Lawsuit alleges the Muhammad Defendants' lead exposure commenced while they were living, or spending a substantial amount of time at, other rental property not owned by, or affiliated in any way with, Britton and *before* they moved into, and/or began spending substantial time at, the Cleveland Avenue Property.

45. The Policy only provides coverage for an "occurrence" that results in "bodily injury" that first takes place during the "policy period", and as otherwise may be required under the Policy's terms and conditions.

46. Specifically, the definition of "occurrence" in the Policy, as set forth in Paragraph 35 above, is defined as an "accident, including continuous or repeated exposure to substantially the same harmful conditions."

47. Courts applying Missouri law have applied the "all-sums" approach of allocation, which allocates all damage to the Policy in effect, or to the time period, when the first exposure occurred.

48. The Muhammad Defendants allege in the Underlying Lawsuit to have sustained continuous and repeated exposure to lead from 2002 through 2008. Under the all-sums approach, no coverage exists under the Policy for the Underlying Lawsuit because the Muhammad

15374959.v2

Defendants' alleged initial exposure to allegedly occurred before the Muhammad Defendants were living, or spending substantial time, the Cleveland Avenue Property.

49. To the extent the Muhammad Defendants' alleged injuries and/or damages from lead exposure and/or injuries are determined not to be completely covered by any insurance policy(ies) insuring the other Underlying Lawsuit Defendants, who owned or managed the property where the Muhammad Defendants lived, or spent a substantial amount of time from 2002 through 2005, any coverage under the Policy is limited to the single policy period when the Muhammad Defendants' first alleged lead exposure.

WHEREFORE, Plaintiff pray this Court declare that American Family owes neither a duty to defend nor indemnify Defendant Randall Britton for the claims and allegations in the Underlying Lawsuit because the Muhammad Defendants' alleged continuous and repeated exposure to and/or injuries from lead began before they began living or spending a substantial amount of time at the Cleveland Avenue Property, and/or that any exposure and/or injuries covered by the American Family Policy are limited to the first policy period in which the Muhammad Defendants allege to have been exposed to, by, lead at the Cleveland Avenue Property, and for all other and/or further orders and relief this Court deems just and proper under the circumstances.

## COUNT II – DECLARATORY JUDGMENT

### (*Pollution Exclusion*)

50. American Family restates and incorporates by reference the previous paragraphs of this Complaint as if fully set forth herein.

51. The Underlying Lawsuit alleges conduct by Randall Britton that was done knowingly and with intention.

15374959.v2

52. The Underlying Lawsuit alleges the Muhammad Defendants' injuries and/or damages as a result of their alleged lead poisoning were foreseeable to Britton.

53. Even if the Policy's coverage was triggered, which American Family denies, the Policy does not provide any coverage, and American Family owes neither a duty to defend nor indemnify Britton for the claims in the Underlying Lawsuit, because the allegations in the Underlying Lawsuit of knowing conduct by Britton and that the Muhammad Defendants' injuries were foreseeable do not allege an "occurrence" under the Policy, as defined in paragraph 35 above, and under applicable law.

54. The Policy also contains a "Pollution Damage" exclusion.

55. The Policy specifically defines "Pollutants," as set forth in paragraph 35 above, to *include lead*.

56. In addition, even if there was an "occurrence" alleged in the Underlying Lawsuit, which American Family denies, the Policy does not provide any coverage and American Family owes neither a duty to defend nor indemnify Britton for the claims in the Underlying Lawsuit, because the Underlying Lawsuit seeks recovery for the Muhammad Defendants' alleged ingestion, consumption, and/or exposure to lead and the alleged resulting lead poisoning such that the Muhamad Defendants' claimed injuries are excluded from coverage under applicable law by the "Pollution Damage" provision, set forth in paragraph 35 above.

WHEREFORE, American Family prays this Court declare American Family has neither a duty to defend nor duty to indemnify Defendant Randall Britton for the claims and allegations in the Underlying Lawsuit, and for all other and/or further orders and relief this Court deems just and proper under the circumstances.

## COUNT III – DECLARATORY JUDGMENT

### (*Environmental Personal Pollution Damage Coverage Endorsement*)

57.     American Family restates and incorporates by reference the previous paragraphs of this Complaint as if fully set forth herein.

58.     The Policy contains an "Environmental Personal Pollution Damage Coverage Endorsement ("Pollution Endorsement").

59.     The Pollution Endorsement, where it applies, has a $10,000 per-occurrence limit of insurance, but does not provide any defense coverage, nor does it otherwise impose or give rise to any defense obligations on Plaintiff.

60.     The Pollution Endorsement contains an additional exclusion, set forth in paragraph 35 above, excluding all coverage provided under the Pollution Endorsement arising out of "activities covered by the following options or endorsements."

61.     One of the options listed in the exclusion is "Option 7 – Additional Premises Coverage."

62.     The insured premises on the Policy *is not the Cleveland Avenue Property* but instead is a property owned by Britton and located at *3661 Flad Avenue in St. Louis, Missouri*.

63.     The "Additional Protection Schedule Endorsement adds the Cleveland Avenue Property as an insured premise under the Policy under the "Option 7 – Additional Premises Coverage" portion of this endorsement.

64.     The recovery sought against Britton in the Underlying Lawsuit arises solely and exclusively from alleged exposure to lead while the Muhammad Defendants were living, or spending substantial time, at the Cleveland Avenue Property.

65. The claims and allegations in the Underlying Lawsuit are not covered under the Policy, and American Family owes neither a duty to defend nor a duty to indemnify Britton under the Pollution Endorsement because no defense coverage or obligations are provided under the Pollution Endorsement.

66. The claims and allegations in the Underlying Lawsuit are not covered under the Policy, and American Family owes neither a duty to defend nor a duty to indemnify Britton under the Pollution Endorsement, because the exclusion provided within the Pollution Endorsement applies to all of the alleged injuries and damages sought by the Muhammad Defendants in the Underlying Lawsuit.

WHEREFORE, American Family prays this Court declare American Family has neither a duty to defend nor duty to indemnify Randall Britton for the claims and allegations in the Underlying Lawsuit under the Pollution Endorsement to the Policy, and for all other further orders and relief the Court deems just and proper under the circumstances.

Respectfully Submitted,

SANDBERG PHOENIX & von GONTARD P.C.

By: /s/*Philip C. Graham*
Philip C. Graham, #40345MO
Kelvin J. Fisher, #56573MO
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
E-mail:  pgraham@sandbergphoenix.com
E-mail:  kfisher@sandbergphoenix.com

Attorneys for Plaintiff *American Family Mutual Insurance Company, S.I. C*

15374959.v2